FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

2005 NOV 30  PM 3:00

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LLEWELLYN GEORGE, 02A0092,

　　　　　Plaintiff,

　　-v-

JAMES T. CONWAY, B. EARSLEY,
A. WELSH, J. ZIOLKOWSKI, S. WARNER,
B. JAWORSKI, RANDY JAMES, M. JONES,
BARBARA FRISBY, S. LASKOWSKI,
T. EDWARDS, MCGEE, NICOSIA,
and THOMAS G. RAMSAY,

　　　　　Defendants.

DECISION AND ORDER
05-CV-0575Sr

---

## INTRODUCTION

Plaintiff, Llewellyn George, an inmate of Attica Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 4). Plaintiff claims that the defendants, James T. Conway, B. Earsley, A. Welsh, J. Ziolkowski, S. Warner, B. Jaworski, Randy James, M. Jones, Barbara Frisby, S. Laskowski, T. Edwards, McGee, Nicosia and Thomas G. Ramsay, violated his rights when he was unjustifiably assaulted, causing injury to his eye, and that due to denial of adequate medical care he has lost partial vision in the eye. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and unless plaintiff files an amended complaint as directed below, one of his claims will be dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.

## **DISCUSSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's first claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted against the named defendants. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal

system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend shall be freely given).

Plaintiff alleges that he was confronted in his cell and a copy of a misbehavior report and a complaint was demanded, while he had his hands cuffed behind his back. When he refused, he was assaulted until unconscious. While these facts may be sufficient to state a claim pursuant to 42 U.S.C. § 1983, plaintiff has failed to indicate how each defendant was personally involved in the incident. He starts the claim listing the names of many defendants, including Assistant Attorney General Ramsay and Superintendent Conway, and then continues, "confronted plaintiff under the pretext of a cell frisk..." and continues the rest of the claim. This would imply that all of the previously named defendants were present at the time of the alleged incident, which could indicate personal involvement. However, the number of persons listed, and the inclusion of the name of an Assistant Attorney General, suggest that not all of the defendants named were present during the assault. Since plaintiff fails to otherwise indicate the specific personal involvement of each defendant, the allegations fail to state a claim as to each defendant. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (In order to state a cognizable claim against an individual defendant, plaintiff must show that the defendant was personally involved in the alleged constitutional deprivation). Plaintiff is directed to amend the complaint to state the specific involvement of each named defendant in the incident described in Claim One.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis*

is hereby granted. For the reasons discussed above, unless plaintiff files an amended complaint by **January 3, 2006** as directed above, plaintiff's claims against defendants Conway, Earsley, Welsh, Ziolkowski, Warner, Jaworski, James, and Jones will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014(1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiff fails to file an amended complaint as directed, the claims against defendants Conway, Earsley, Welsh, Ziolkowski, Warner, Jaworski, James, and Jones will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and service of the remaining claim on defendants Frisby, Laskowski, Edwards, McGee, and Nicosia shall be directed.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint <u>only</u> as directed above[1] by **January 3, 2006**;

---

[1] Plaintiff is reminded that he must also <u>include</u> in this amended complaint his claims against defendants Frisby, Laskowski, Edwards, McGee, and Nicosia ; because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include

4

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **January 3, 2006**, the claims against defendants Conway, Earsley, Welsh, Ziolkowski, Warner, Jaworski, James, and Jones are dismissed without further order of the Court and the Clerk of the Court shall terminate defendants Conway, Earsley, Welsh, Ziolkowski, Warner, Jaworski, James, and Jones as parties to this action;

FURTHER, that in the event plaintiff has failed to file an amended complaint by **January 3, 2006**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Frisby, Laskowski, Edwards, McGee, and Nicosia, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:   Nov. 30, 2005
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

---

these claims in it means that they are not preserved for service on the defendants.

5