UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LLEWELLYN GEORGE, (02-A-0092)

                                Plaintiff,                  **REPORT, RECOMMENDATION AND ORDER**

v.

T. RAMSAY, et al.                                          05-CV-0575A(M)

                                Defendants.

---

       This action has been referred to me by Order of Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #33). Before me is plaintiff's motion to dismiss defendants' Amended Answer and for appointment of counsel (Dkt. #61).[1] For the following reasons, I recommend that the portion of plaintiff's motion seeking dismissal of the Amended Answer be DENIED, and I order that the portion of plaintiff's motion seeking appointment of counsel likewise be DENIED.

## BACKGROUND

       Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. §1983, alleging that on May 10, 2005, while he was incarcerated at the Attica Correctional Facility, defendants assaulted him, failed to provide him with adequate medical care for the injuries he sustained as a result of the assault, and deprived him of his due process rights at the disciplinary hearing arising

---

[1] Although plaintiff's letter request has been docketed as a motion, in the future plaintiff will be required to follow the formal requirements for filing a motion.

from the incident (Dkt. ##1,6).[2] In his motion plaintiff, seeks dismissal of defendants' Amended Answer in its entirety because they "have failed to demonstrate how each of the defendants are entitled to qualified immunity, and why the court lacks subject matter jurisdiction" (Dkt. #61, p. 1).

## DISCUSSION AND ANALYSIS

A.  **Motion to Dismiss the Amended Answer**

Plaintiff cites no authority for dismissal of an entire answer based upon the alleged infirmity of certain affirmative defenses, nor does he carry his burden of demonstrating why the affirmative defenses in question are invalid as a matter of law.

"Once qualified immunity is pleaded, plaintiff's complaint will be dismissed unless defendant's alleged conduct, when committed, violated clearly established statutory or constitutional rights of which a reasonable person would have known." Williams v. Smith, 781 F. 2d 319, 322 (2d Cir. 1986) (internal quotation marks omitted). On this record, I am unable to conclude that no facts could be established to entitle defendants to qualified immunity.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F. 3d 110, 113 (2d Cir. 2000). Defendants argue that this defense is proper because "[t]o the extent that the Amended Complaint asserts claims based on 42 U.S.C. §1983 against the named Defendants in their official capacity, this Court lacks jurisdiction over

---

[2] Pursuant to the April 4, 2006 order of Hon. Michael A. Telesca (Dkt. #7), plaintiff's Amended Complaint consists of his Amended Complaint (Dkt. #6) and the Second Claim of his initial Complaint (Dkt. #1).

such claims, as claims against state officials in their official capacity are barred by the Eleventh Amendment" (Dkt. #63, ¶25). I agree. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("Neither [the] state nor its officials acting in their official capacities are 'persons' under §1983."). Consequently, I cannot conclude that defendants' subject matter jurisdiction defense has no merit.

In his reply declaration, plaintiff also asks me to "impose the appropriate sanctions against the defendants, for repeatedly employing defective tactics, to evade their discovery obligations" (Dkt. #64, ¶24). However, new arguments raised for the first time in reply papers are improper, and will not be considered. See Duryea v. County of Livingston, 06-CV-6436T, 2007 WL 1232228, *6 (W.D.N.Y. April 26, 2007); Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F. 3d 110, 112 (2d Cir. 1999).

### B. Motion for Appointment of Counsel

Plaintiff also moves for appointment of counsel pursuant to 28 U.S.C. §1915(e) (Dkt. #61, pp. 2-3). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants. See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984). The factors to be considered by the Court include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the

3

major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F. 3d 390, 392 (2d Cir. 1997); see also Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

I must consider the issue of appointment of counsel carefully, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F. 2d 170, 172 (2d Cir. 1989). Therefore, I must first look to the "likelihood of merit" of the underlying dispute, Hendricks, supra, 114 F. 3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, supra, 243 F. 3d at 632 (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

In support of his motion for appointment of counsel, plaintiff asserts that the "case involves complex legal issues", that he is unable to obtain legal materials and discovery because he is an inmate confined 24 hours per day, and prison officials continue to tamper with his legal mail (Dkt. #61, pp. 2-3). If plaintiff continues to have difficulty in obtaining library resources or with mail tampering, he may make an appropriate motion detailing the factual basis for his allegation. However, plaintiff has not established, at this point in the litigation, that he is unable to investigate and prepare his case, or that appointment of counsel is warranted under the factors set forth above. Therefore, plaintiff's motion for appointment of counsel is denied, without

4

prejudice. It is plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. 28 U.S.C. §1654.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion to dismiss the Amended Answer be DENIED, and I order that plaintiff's motion for appointment of counsel be DENIED (Dkt. #61). Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:    January 18, 2008

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge